IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT DALE HUBERT and PATRICIA HUBERT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15-cv-00617-SMY-DGW |
| A.W. Chesterton Company., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

### INGERSOLL RAND COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Comes now Defendant, INGERSOLL RAND COMPANY ("Defendant"), by its attorneys, HeplerBroom LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(2) moves for dismissal of all claims against it for lack of personal jurisdiction.

### INTRODUCTION

Defendant is a New Jersey corporation with its principal place of business in North Carolina. *See* Business Corporation Annual Report, North Carolina Department of the Secretary of State, March 12, 2015, Exh. A. In Counts I and II, Plaintiff Robert Hubert alleges that he was exposed to asbestos fiber emanating from certain products he worked with or around during his career as a nuclear machinist mate in the U.S. Navy while stationed at Groton, Connecticut, and Bremerton, Washington, as well as aboard several submarines, including the U.S.S. Ethan Allen and the U.S.S. Tecumseh from approximately 1966 to 1986. *See* Complaint, Doc. 2, Exh. 1, ¶¶ 1, 2. Counts III and IV are not alleged against Defendant, and Count V alleges loss of consortium based on the allegations in the prior counts. All of Plaintiff's alleged exposures to Defendants' products in Counts I and II, including this Defendant Ingersoll Rand Company's, occurred while

he was in the Navy. *Id.* at ¶¶ 1, 2. There are no allegations of exposure to any Defendants' products in the State of Illinois. *See generally* Complaint. The Complaint makes no assertion of either specific or general jurisdiction and does not allege facts sufficient to support any viable basis for this Court's exercise of jurisdiction over Defendant.

## ANALYSIS

Federal Rules of Civil Procedure 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* basis upon which jurisdiction over the defendant can be exercised. *See, e.g.*, *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). The exercise of personal jurisdiction over a nonresident defendant is limited by the Illinois long-arm statute, 735 ILCS 5/2-209, and by the due-process clauses of the United States and Illinois constitutions. *Rollins v. Ellwood*, 141 Ill. 2d 244, 271–75 (Ill. 1990). "[A] party may appear and litigate both a personal jurisdiction defense and the merits of a case without waiving the personal jurisdiction defense." *H–D Michigan, LLC v. Hellenic Duty Free Shops, S.A.*, 694 F.3d 827, 848 (7th Cir. 2012).

**A. This Court Lacks General Personal Jurisdiction Over Defendant Because Defendant Is Not Incorporated in and Does Not Maintain Its Principal Place of Business in Illinois.**

The Illinois long-arm statute authorizes the exercise of general jurisdiction over a nonresident corporation "doing business" in Illinois. 735 ILCS 5/2-209(b)(4). However, the Supreme Court of the United States has held that the Due Process Clause of the Fourteenth Amendment "sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011).

Under the Due Process Clause, a court has general jurisdiction over a foreign corporation when that corporation maintains "continuous corporate operations with [the] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 2853. In *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), the Supreme Court of the United States recently clarified that limited reach of general jurisdiction. The Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction]." *Id.* at 758 (internal quotation omitted). Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (citing *Goodyear*, 131 S.Ct. at 2853–54). For corporations, that "limited set of affiliations" consists of two paradigm bases for general jurisdiction: the state of incorporation and the principal place of business. *Id.* at 760. Exceptional cases aside, it is only in these forums that a corporation is truly "at home" such that the exercise of general jurisdiction is constitutional. *Id.*

In *Bauman*, the Court held that the defendant Daimler AG, a German car manufacturer with its principal place of business in Germany, was not subject to general jurisdiction in California, despite the fact that it distributed an appreciable quantity of cars there and had "multiple California-based facilities, including a regional office … a Vehicle Preparation Center…and a Classic Center." *See id.* at 752.[1] Because Daimler was neither incorporated in California nor had its principal place of business there, the Court held that California lacked general jurisdiction over Daimler. *Id.* at 761. The Court found that Daimler's California contacts

---

[1] Daimler was apparently the largest supplier of luxury vehicles to the California market, and California sales accounted for 2.4% of Daimler's worldwide sales. *Bauman,* 134 S.Ct. at 752. For purposes of its decision, the Court assumed that the contacts of Mercedes-Benz USA, LLC ("MBUSA"), an indirect subsidiary of Daimler and a Delaware limited liability company with its principal place of business in New Jersey, were attributable to Daimler. *See id.* at 760 ("Even if we were…to assume MBUSA's contacts are imputable to Daimler there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there").

"hardly render it at home there," and California therefore could not serve as an "all-purpose forum" for claims against it. *See id.*

Here, Illinois is not an "all-purpose" forum for claims against Defendant. Like the defendant corporation in *Bauman*, Defendant is not incorporated in Illinois and does not maintain its principal place of business in Illinois. Rather, Defendant is a New Jersey corporation with its principal place of business in North Carolina. *See* Ex. A; *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010) ("[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

Accordingly, Defendant is not "at home" in Illinois such that Illinois courts may adjudicate claims against Defendant lacking any connection with the forum. This Court, therefore, does not have general personal jurisdiction over Defendant.

    **B. This Court Also Lacks Specific Personal Jurisdiction Over Defendant Because Plaintiff's Claims Do Not Arise Out of Any Alleged Contacts With Illinois.**

The Illinois long-arm statute permits the exercise of specific jurisdiction over a nonresident defendant if the defendant commits a statutorily enumerated act in Illinois that serves as the basis for the plaintiff's claims. *See* 735 ILCS 5/2-209(a)–(b). For personal jurisdiction to comport with federal due-process requirements, however, the defendant must also have certain minimum contacts with the forum state. *Keller v. Henderson*, 359 Ill. App.3d 605, 834 N.E.2d 930, 935-936 (Ill. 2005); *Spartan Motors, Inc. v. Lube Power, Inc.*, 337 Ill. App.3d 556, 560, 786 N.E.2d 613 (Ill. 2003); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Once it has been established that the defendant satisfied the requisite minimum contacts with the forum state, the court must determine whether the assertion of personal jurisdiction would be consistent with fair play and substantial justice. *Keller*, 834

N.E.2d at 935–36 (citing *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543 (1985)). This determination is based upon whether the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of its laws. *Id*.

The federal due-process analysis requires an inquiry consisting of whether (1) the nonresident defendant established minimum contacts with the forum state to the extent that there was fair warning that the defendant may be hailed into the forum-state court; (2) the action arose out of or was related to the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state. *Id.* (citing *Spartan Motors*, 337 Ill. App.3d at 561); *Burger King Corp*, 471 U.S. at 471–77; *Kalata v. Healy*, 312 Ill.App.3d 761, 768-69, 729 NE 2d 648 (Ill. 2000).

Here, Plaintiff's allegations do not arise out of any alleged contacts between Defendant and Illinois. Plaintiff asserts product-liability claims against Defendant based on allegations that Plaintiff worked with or around certain products during U.S. Navy while stationed at Groton, Connecticut, and Bremerton, Washington, as well as aboard several submarines, including the U.S.S. Ethan Allen and the U.S.S. Tecumseh. Plaintiff has not alleged that he worked with or around this Defendant's products, or any other Defendant's products, in Illinois. Accordingly, Plaintiff has not established a *prima facie* case for specific jurisdiction over Defendant.

## CONCLUSION

This Court lacks both general and specific personal jurisdiction over Defendant because Defendant is neither incorporated in nor does it maintain its principal place of business in Illinois, and Plaintiff's claims do not arise out of any alleged Defendant contacts with Illinois.

The Court should therefore dismiss all of Plaintiff's claims against Defendant for lack of personal jurisdiction.

WHEREFORE, Defendant Ingersoll Rand Company respectfully requests that its Motion to Dismiss for Lack of Personal Jurisdiction be granted and for such other and further relief as the Court deems reasonable and just.

DATED: June 11, 2015

                                          HEPLERBROOM LLC

                                          By: /s/ Carl J. Geraci
                                          CARL J. GERACI    # 6257069
                                          hbasb@heplerbroom.com
                                          Attorney for Defendant
                                          211 N. Broadway, Suite 2700
                                          St. Louis, MO 63102
                                          Phone: (314) 241-6160
                                          Fax: (314) 241-6116

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT DALE HUBERT and PATRICIA HUBERT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 15-cv-00617-SMY-DGW |
| A.W. Chesterton Company., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned states that on June 11, 2015, Defendant Ingersoll Rand Company filed its Motion to Dismiss for Lack of Personal Jurisdiction in the above-styled case and a true and correct copy was electronically served to counsel of record.

                                            HEPLERBROOM LLC

                                            By:  /s/ Carl J. Geraci
                                            CARL J. GERACI     # 6257069
                                            hbasb@heplerbroom.com
                                            Attorney for Defendant
                                            211 N. Broadway, Suite 2700
                                            St. Louis, MO 63102
                                            Phone: (314) 241-6160
                                            Fax: (314) 241-6116